IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-775-ECM-CWB |
| | ) |
| CITY OF OPELIKA, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Johnny Hughley, *pro se*, commenced this action on October 11, 2019. (Doc. 1). Along with the filing of his Complaint, Hughley sought leave to proceed *in forma pauperis*. (Docs. 2, 10, 12 & 14). Hughley thereafter was granted *in forma pauperis* status, and the clerk was directed to defer service of process pending a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 15). Having been referred the proceedings for appropriate disposition or recommendation (Doc. 7), and having now conducted a threshold review under § 1915(e), the undersigned Magistrate Judge recommends that this action be dismissed.

**I.      Background and Procedural Posture**

By Order dated February 12, 2021, Hughley was granted permission to amend his Complaint. (Doc. 18). Hughley was informed, however, that neither the original Complaint nor the proposed amendments "comply fully with the Federal Rules of Civil Procedure." (*Id*. at p. 2). Hughley thus was directed to "file an amended complaint that sets out allegations of fact and legal claims against properly named defendants who are subject to suit in a manner that is consistent with the Federal Rules of Civil Procedure, and especially Rules 8, 9, 10, and 11, as applicable." (*Id*.). In addition to being instructed that "[t]here must be a factual and legal basis

1

for each claim, and these must be clearly and concisely stated in the amended complaint," Hughley was put on notice that "his amended complaint will entirely supersede his prior complaint" such that "the only issues before the court are those raised in the amended document." (*Id*. at pp. 2-3).

Hughley filed his final Amended Complaint on April 5, 2021. (Doc. 22). In a departure from the original Complaint, which had been styled as a Petition for a Writ of Mandamus and/or Writ of Error Coram Nobis (Doc. 1), the Amended Complaint purported to arise exclusively under 42 U.S.C. § 1983 (Doc. 22 at ¶ 1: "This court [sic] jurisdiction under 28 U.S.C. § 1331 Federal Question jurisdiction arises pursuant to 42 U.S.C. § 1983."). Both "Claim I" and "Claim II" of the Amended Complaint likewise expressly invoked 42 U.S.C. § 1983. (*Id*. at p. 6).

Because the court has granted Hughley leave to proceed *in forma pauperis* (Doc. 15), his § 1983 claims are subject to threshold screening under 28 U.S.C. § 1915(e). Section 1915(e) in turn provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous[1] or malicious, (ii) fails to state a claim on which relief may be granted;[2] or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

[2] Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

## II. Discussion

### A. City of Opelika, Alabama

Liability under 42 U.S.C. § 1983 is permitted against a municipality only in circumstances where a plaintiff has been deprived of federally protected rights via an official municipal policy. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Although invoking § 1983, the Amended Complaint fails to identity any custom or policy under which the City of Opelika could potentially be held liable. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). All of Hughley's claims against the City of Opelika are therefore due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

---

[3] To the extent Hughley might also be attempting to sue Geoff Yeager and Jeffrey Tickal in their <u>official</u> capacities, it should be noted that "suits against municipal officials in their official capacity are the functional equivalent of suits against a municipality itself." *Duncan v. Bibb Cnty. Sheriff's Dep't*, 471 F. Supp. 3d 1243, 1256 (N.D. Ala. 2020); *see also Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents.") (citations, internal quotation marks, and footnote omitted). Thus, any claims against Yeager and Tickal in their official capacities should be deemed claims against the City of Opelika and subject dismissal. *See, e.g., Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (noting that when a defendant is sued in his official capacity under § 1983, a plaintiff must show that the alleged constitutional violation was the result of an official government policy or custom).

**B.     Geoff Yeager**

Also under the label of 42 U.S.C. § 1983, Hughley asserts a challenge to certain conduct allegedly committed by Geoff Yeager in the line and scope of his employment as a detective with the Opelika Police Department. (Doc. 22 at ¶ 4). Specifically, Hughley alleges that Yeager testified falsely at Hughley's criminal trial. (*Id.* at ¶ 8). Because such testimony led to Hughley's resulting conviction, however, allowing Hughley to proceed under § 1983 would necessarily impugn the conviction and run afoul of the *Heck* "favorable termination" rule. *See Heck v. Humphrey,* 512 U.S. 477 (1994). *See also Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the United States Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489. Even when a claim does not directly challenge a conviction, *Heck* nonetheless applies if the practical effect of the claim would be to undermine the validity of the conviction. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action's] having been valid, *Heck* kicks in and bars his civil suit.") (citations omitted). The relevant inquiry for a *Heck* analysis is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").

4

Under the circumstances of this case, *Heck* and its progeny bar Hughley's assertion of any § 1983 claim that would effectively constitute a collateral attack on his prior conviction. *Heck*, 512 U.S. at 489; *see also Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("[I]njunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or *Bivens* actions."). As a result, Hughley's purported claims against Yeager are not cognizable and are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### C. Jeffrey Tickal

Hughley additionally asserts a 42 U.S.C. § 1983 challenge as to the prosecutorial conduct of Jeffrey Tickal in his capacity as City Attorney for the City of Opelika. (Doc. 22 at ¶ 4). The law is settled, however, that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (holding that, in a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute'"). Such prosecutorial immunity is so strong that it remains applicable in circumstances where a prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis

---

[4] Yeager also would be entitled to absolute immunity as to any allegation that he testified falsely. *See, e.g., Scarbrough v. Myles*, 245 F.3d 1299, 1305 (11th Cir. 2001) ("Police officers have the same absolute immunity as lay witnesses in testifying at trial or before a grand jury."); *see also Albritton v. Jones*, No. 2:20-CV-177, 2020 WL 3244093, at *1 (M.D. Ala. May 11, 2020), *report and recommendation adopted*, No. 2:20-CV-177, 2020 WL 3244005 (M.D. Ala. June 15, 2020) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings)); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987) ("Witnesses, including police officers, who testify in judicial proceedings are ... shielded by absolute immunity.").

of false testimony or evidence." *Henry v. Farmer City St. Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).[5]

All of the allegations against Tickal relate to actions taken during the criminal prosecution of Hughley and are "intimately associated with the judicial phase of the criminal process." *Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1142 (11th Cir. 2017) (citation omitted); *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Tickal therefore is entitled to absolute immunity and dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii). *See, e.g., Surles v. Lee County Circuit Courts*, No. 3:18-cv-599, 2018 WL 4189660, *1-2 (M.D. Ala. July 9, 2018).

## III. Conclusion

For the reasons stated above, the undersigned Magistrate Judge hereby RECOMMENDS as follows:

1. that Hughley's 42 U.S.C. § 1983 claims against the City of Opelika be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. that Hughley's claims against Geoff Yeager be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); and

3. that Hughley's claims against Jeffrey Tickal be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

It is ORDERED that written objections to this Recommendation must be filed no later than December 8, 2022. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

---

[5] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding in the Eleventh Circuit).

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of November 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**